UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-81380-ROSENBERG/REINHART

ORTHOPAEDIC CARE
SPECIALISTS, P.L.,

Plaintiff,

v.

AETNA LIFE INSURANCE
COMPANY,

Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This cause is before the Court on Plaintiff's Motion to Remand. DE 3. Defendant has filed a response, DE 13, and Plaintiff has filed a reply. DE 14. The Court has considered these filings and is otherwise fully advised in the premises. For the reasons that follow, the Motion is GRANTED.

### I.   BACKGROUND[1]

Plaintiff Orthopaedic Care Specialists, P.L. is an emergency-medicine group that staffs the emergency departments at St. Mary's Medical Center and Children's Hospital. On February 12, 2019, Plaintiff provided emergency medical services to a patient designated as R.B., who is a member of a health plan administered by Defendant Aetna Life Insurance Company. Plaintiff billed Defendant for reimbursement of its costs in providing services to R.B., and Defendant issued a payment as to some of the service, while declining to issue payment for other services on the basis that they were not medically necessary. The payments that Defendant did issue were below

---

[1] The facts in this part are derived from Plaintiff's Complaint and are accepted as true for present purposes. DE 1-2.

Plaintiff's billed charges and below the fair market value of the services rendered. Plaintiff has no contract with Aetna and did not agree to accept discounted rates of reimbursement from Aetna. Defendant sent Plaintiff an Explanation of Benefits notice, which stated:

> The member's plan provides benefits for covered expenses at the reasonable charge for the service in the geographical area where it is provided. In certain circumstances, especially where the service is unusual or not often provided in the geographical area, the reasonable charge may be determined by considering other factors, including the prevailing charge in other areas. You are not part of our network and therefore we cannot prevent you from billing the member for any balance. But if you do, we reserve the right to challenge your bill.

Plaintiff filed the Complaint in state court on August 29, 2019, alleging that Defendant's failure to pay Plaintiff the lesser of the billed charges or the fair market value of the services violated Sections 641.513(5)[2] and 627.64194(4)[3] of the Florida Statutes. These statutes require reimbursement of emergency-medicine providers at the lesser of the billed rate, market rate, or a mutually agreed rate. The Complaint also alleges that Plaintiff and Defendant had an implied-in-fact contract requiring Defendant to pay Aetna the reasonable value of the medical services it provided R.B. Plaintiff seeks compensatory damages, declaratory relief, and attorney's fees.

Defendant removed the case on October 9, 2019, on the basis that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

---

[2] Section 641.513(5) reads:

> (5) Reimbursement for services pursuant to this section by a provider who does not have a contract with the health maintenance organization shall be the lesser of:
>     (a) The provider's charges;
>     (b) The usual and customary provider charges for similar services in the community where the services were provided; or
>     (c) The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.

[3] Section 627.64194(4) reads:

> (4) An insurer must reimburse a nonparticipating provider of services under subsections (2) and (3) as specified in s. 641.513(5), reduced only by insured cost share responsibilities as specified in the health insurance policy, within the applicable timeframe provided in s. 627.6131.

U.S.C. § 1132(a) *et seq.*  Plaintiff filed its Motion to Remand on October 10, 2019, arguing that its claims were not preempted and therefore that this Court lacks jurisdiction.

## II.   JURISDICTION

A federal question must generally appear on the face of a well-pleaded complaint to support jurisdiction under 28 U.S.C. § 1331.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  "Complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim."  *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009).  Complete preemption is jurisdictional rather than an affirmative defense, and when it applies, the complaint may be removed to federal court.  *Id.* at 1344.  However, federal courts are courts of limited jurisdiction, and uncertainties about jurisdiction are resolved in favor of remand.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## III.   ANALYSIS

In *Aetna Health Inc. v. Davila*, the Supreme Court held that ERISA completely preempts state-law causes of action within the scope of its civil enforcement remedy.  542 U.S. 200, 209 (2004).  Under the *Davila* two-part test, complete preemption exists when (1) the plaintiff could have, at some point, brought a claim under section 502(a) of ERISA, and (2) no independent legal duty supports the plaintiff's claim.  *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) (citing *Davila*, 542 U.S. at 210).  To establish the first prong of the *Davila* test—whether the plaintiff could have brought a claim under section 502(a)—an additional two factors are required under Eleventh Circuit precedent.  First, the plaintiff's claims must "fall within the scope of ERISA § 502(a)," and second, Plaintiff must have standing to sue.  *Ehlen Floor*, 660 F.3d at 1287 (citing *Conn. State Dental*, 591 F.3d at 1350).

Section 502(a), codified at 29 U.S.C. §1132(a), authorizes civil actions "by a participant or beneficiary . . . to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." § 1132(a)(1)(B). For the reasons discussed below, the Court concludes that Defendant has not demonstrated that Plaintiff has standing to sue under ERISA. Accordingly, ERISA does not completely preempt Plaintiff's claims, irrespective of whether the claims fall within the scope of ERISA section 502(a) and whether an independent legal duty supports Plaintiff's claims.

There are two categories of persons authorized to sue under section 502(a)(1)(B): "plan beneficiaries" and "plan participants." *Phys. Multispecialty Grp. V. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1294 (11th Cir. 2004). Generally, healthcare providers are neither beneficiaries nor participants. *Id.* However, providers can acquire derivative standing "by obtaining a written assignment from a 'beneficiary' or 'participant' of his right to payment of benefits under an ERISA-governed plan." *Id.* (citing *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001)). Defendant has "the burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence," and "[w]ithout proof of an assignment, the derivative standing doctrine does not apply." *Hobbs*, 276 F.3d at 1242.

Here, Plaintiff does not allege that it was assigned R.B.'s benefits. Rather, Defendant seeks to prove that there was a written assignment of benefits to Plaintiff by submitting (i) a declaration by a paralegal employed by Defendant, and (ii) a screenshot of Defendant's "Electronic Workflow Management" system, showing the entry corresponding to Plaintiff's claim for services rendered to R.B. DE 1-3. The screenshot shows a digital text entry with the word "ASSIGN" and the letter "A" next to it. *Id.* at 283. The declaration states that "[b]ased on these screen prints, Orthopaedic

4

Care Specialists, PL, represented that it obtained an assignment of benefits from R.B. for the services rendered as to the Claim at Issue." *Id.* at 4 ¶ 10.

This Court has previously concluded that virtually identical evidence was insufficient to prove by a preponderance that there was a written assignment of benefits. *See Hope Health & Wellness, Inc. v. Aetna Health, Inc.*, No. 9:17-cv-80673-Rosenberg, 2017 WL 4553453, at *3 (S.D. Fla. Oct. 12, 2017) ("These forms simply contain various codes and the word 'Assign A.'"). The screenshot does not include R.B.'s signature or any language to describe the scope of the right being assigned. *See Connecticut State Dental*, 591 F.3d at 1352 (finding derivative standing on the basis that the claim forms stated: "I hereby authorize payment of the dental benefits otherwise payable to me directly to the below named dental entity."). Defendants have not demonstrated by a preponderance of evidence the existence of a written assignment sufficient to confer derivative standing on Plaintiff. Therefore, the first prong of the *Davila* test is not met—Defendant has not shown that Plaintiff could have sued under ERISA—and the Court need not consider the second prong, whether Plaintiff's claims are based on a duty independent of ERISA.

Accordingly, Plaintiff's claims are not completely preempted by ERISA, and this Court lacks subject-matter jurisdiction because Defendant has not asserted any basis for jurisdiction other than complete preemption under ERISA.

### a. Fees and Costs

In remanding a case, courts may order the payment of attorney's fees and costs "incurred as a result of the removal." 28 U.S.C. § 1447(c). However, courts should do so only when the removing party lacked "an objectively reasonable basis" to remove the case. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court finds that there was an objectively reasonable basis for removal and denies Plaintiff's request for fees and costs.

5

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows**:**

1. Plaintiff's Motion to Remand [DE 3] is **GRANTED**.

2. This case is **REMANDED** to the <u>Fifteenth Judicial County Court in and for Palm Beach County, Florida</u>.

3. The Clerk of Court is instructed to **CLOSE** this case, terminating all deadlines and denying all pending motions as moot.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of December, 2019.

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record